(121 App. Div. 551.)

CONAWAY v. MARTIN.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

NEGLIGENCE—CONDITION OF BUILDING AND OTHER STRUCTURES—ELEVATORS—
ACTIONS—QUESTIONS FOR JURY.

    In an action for the death of plaintiff's intestate, caused by striking his head on the top of the archway entrance to an elevator as the elevator went up, held, that under the evidence it was a question for the jury whether it was negligence not to have a door or gate in the elevator car itself, or on the inside of the archway entrance, to prevent persons in the car from striking against the top of the archway if they leaned over a little as the car went up.

Appeal from Trial Term, Kings County.

Action by Mary A. Conaway, as administratrix of Charles E. Conaway, deceased, against William R. H. Martin, to recover for the death of plaintiff's intestate. From a judgment for plaintiff, defendant appeals. Affirmed.

Action for damages for negligence causing death.

The decedent was killed in the servants' elevator of a large apartment house, seven stories high, owned by the defendant. He entered the elevator

in the basement. The elevator shaft is of solid masonry from bottom to top. In the basement the entrance to the elevator is cut through the side of the shaft, which is 2 feet 6 inches thick. Such entrance is 3 feet 8 inches wide. At the outside of it, viz., the outside line of the wall, two doors open outward. The opening or arch is 8 feet 6 inches high. On the inside there was no door or gate to enclose those in the elevator from this entrance through the wall. As the elevator went up the top of the head of the deceased struck the arch, the top of the said entrance through the wall, and he was killed. It was quite dark in the elevator. The entrance doors being closed, the only light that came into the elevator was through a pane of glass 9 inches by 11 inches in the middle of each door. The elevator car was 4 feet 2 inches deep and 7 feet 3 inches wide.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

L. Sidney Carrere, for appellant.
John C. Robinson, for respondent.

GAYNOR, J. The motion to dismiss at the close was properly denied. Especially owing to the lack of light, it was a question of fact whether it was not negligent not to have a door or gate in the elevator car itself, or else on the inside of the opening or arch through the wall which was the entrance to the elevator car, to prevent persons in the car from inadvertently getting so close to the entrance side of the car as to strike against the top of the said opening or arch, if they happened to lean over a little as the car was going up.

The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

